UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL CASIAS CAMPOS,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No.  13-cv-5652-JST<br><br>**ORDER REMANDING ACTION *SUA SPONTE* TO ALAMEDA SUPERIOR COURT** |

Plaintiff Gabriel Casias Campos ("Plaintiff") filed this complaint against Wells Fargo Bank, National Association ("WFB"), NDEX West LLC, and Does 1-20, in Alameda Superior Court on November 20, 2013, bringing causes of action under California Civil Code §§ 2923.5, 2923.6, 2923.7 & 2924.17, and California Bus. & Prof. Code §§ 17200.  Complaint, Exhibit A to Notice of Removal, ECF No. 1.  WFB removed to this Court on December 6, asserting that all Defendants' state citizenships are diverse from Plaintiff's, that the amount in controversy exceeds $75,000, and that this Court therefore has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Notice of Removal.

The undersigned has recently held that, for diversity purposes, WFB is a citizen of the State of California as well as South Dakota.  Vargas v. Wells Fargo Bank, N.A., ___ F. Supp. 2d ___, 2013 WL 6235575, No. 3:12-cv-02008-JST (N.D. Cal. Dec, 2, 2013).  After carefully reviewing the Notice of Removal in this action, the Court finds no reason to depart from that holding.  It appears from the Complaint, and WFB itself argues in its Notice of Removal, that

1  Plaintiff is a citizen of the State of California.  See Complaint ¶ 1; Notice of Removal 2:10-17.

2  Therefore, since Plaintiff brings exclusively state-law causes of action, WFB has not satisfied its

3  burden of demonstrating that this Court has jurisdiction over this action.  See Hertz Corp. v.

4  Friend, 559 U.S. 77, 96 (2010) (burden of establishing federal subject-matter jurisdiction lies with

5  party asserting it); see also Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) ("strong

6  presumption" against removal jurisdiction must be overcome by removing party).

7      While Plaintiff has not moved to remand, district courts have an independent obligation to

8  satisfy themselves of their subject-matter jurisdiction over a removed action.  United Investors

9  Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004).  "If at any time before

10 final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be

11 remanded."  28 U.S.C. § 1447(c).

12     The Court therefore REMANDS this action to Alameda County Superior Court.

13 **IT IS SO ORDERED.**

14 Dated: December 30, 2013

_____
JON S. TIGAR
United States District Judge